IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIEL ORTIZ,<br><br>  Petitioner,<br><br>v.<br><br>UTAH BOARD OF PARDONS, et al.,<br><br>  Respondents. | ORDER AND MEMORANDUM DECISION DISMISSING HABEAS PETITION<br><br>Case No. 2:23-cv-753-TC<br><br>Judge Tena Campbell |

Petitioner Daniel Ortiz, appearing pro se, filed a petition for habeas corpus relief (the AEDPA Petition) under the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2254 ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")  The Respondents filed a motion to dismiss arguing that Mr. Ortiz failed to exhaust his claims by affording the Utah state courts an opportunity to remedy the alleged violations.  Having considered the documents in the record, as well as the dockets in underlying cases, the court concludes that relief is unavailable under the AEDPA because Mr. Ortiz has failed to exhaust his claims in the state courts.  The Respondents' motion to dismiss is therefore granted.

## BACKGROUND

On January 24, 2012, Mr. Ortiz was convicted of Aggravated Robbery, a first-degree felony, after a jury trial.  See Dkt. No. 75 in Utah v. Ortiz, No. 101900963 (Utah Dist. Ct. Jan. 24, 2012).  Mr. Ortiz appealed, raising only the issue of whether he was unfairly prejudiced by

1

the trial court's denial of his motion for permission to cover his facial tattoos at trial. Utah v. Ortiz, 300 P.3d 786, 787 (Utah Ct. App. 2013). Mr. Ortiz's appeal was denied. Id. at 788.

According to Mr. Ortiz, on June 8, 2023, after he had been paroled, his parole officer asked him to report for a check in. (ECF No. 4 at 2–3.) When Mr. Ortiz arrived, he was arrested and transported to the Davis County Jail. Id.

According to Respondents, on June 13, 2023, the Utah Board of Pardons and Parole issued a warrant for Petitioner's arrest. (ECF No. 9 at 3.) The warrant was served on Mr. Ortiz on June 21, 2023. Id.

On or around June 18, 2023, Petitioner filed a petition for extraordinary relief (the First State Petition) in the state district court seeking relief for unlawful arrest, violations of due process, and unlawful search and seizure. (See First State Petition, ECF No. 9-1.)

On June 26, Mr. Ortiz was charged with Object Rape, a first-degree felony, and Forcible Sexual Abuse, a second-degree felony. Utah v. Ortiz, No. 231901834 (Utah Dist. Ct. June 26, 2023); (See ECF No. 9-4 at 1).

On or around July 26, 2023, Mr. Ortiz filed a motion to dismiss his First State Petition because he believed that he would "have a more favorable outcome in raising constitutional violations within a higher court of the United States of America." (ECF No. 9-3 at 1–2.)

On or around August 5, 2023, Mr. Ortiz attempted to bypass the Utah district court by filing a petition for extraordinary relief (the Second State Petition) to the Utah Supreme Court. See Dkt. No. 27 in Utah v. Ortiz, No. 231901834 (Utah Dist. Ct. Aug. 8, 2023); (Order, ECF No. 12-1 at 3). On August 13, 2023, the Utah Supreme Court transferred the Second State Petition back to the district court trying his criminal charges. See id.; Dkt. No. 36 in Utah v. Ortiz, No. 231901834 (Utah Dist. Ct. Aug. 23, 2023); (ECF No. 9-4 at 1).

On or around October 17, 2023, Mr. Ortiz filed his AEDPA Petition in this court. (ECF No. 4 at 9.)

On March 8, 2024, the State moved to dismiss the charges filed on June 26 without prejudice because of unspecified "newly acquired information." Dkt. No. 84 in Utah v. Ortiz, No. 231901834 (Utah Dist. Ct. Mar. 8, 2024). Mr. Ortiz remains in custody for his prior conviction and parole revocation. See Minutes and Order, Dkt. No. 84 in Utah v. Ortiz, No. 231901834 (Utah Dist. Ct. Mar. 11, 2024).

## ANALYSIS

Petitioner asserts two grounds for relief in the AEDPA Petition: (1) "the parole violation charges and board warrant" were procedurally defective; and (2) Mr. Ortiz's parole agent conspired with unidentified entities to hold him on false charges. (ECF No. 4 at 6.)

### I. Utah Post-Conviction Remedies Act

Decisions by the Utah Board of Pardons and Parole are not directly appealable. Utah Code Ann. § 77-27-5(3)(a)(i) ("A decision by the board is final and not subject for judicial review if the decision is regarding a pardon, parole, commutation, or termination of an offender's sentence."). But a parole revocation decision may be challenged under Utah's Post-Conviction Remedies Act (PCRA). Utah Code Ann. § 78B-9-104(1)(c) ("[A]n individual who has been convicted and sentenced for a criminal offense may file an action in the district court of original jurisdiction for postconviction relief to vacate or modify the conviction or sentence upon the following grounds: … probation was revoked in violation of the controlling statutory provisions."). Utah courts review "the fairness of the process by which the Board undertakes its sentencing function." May v. Bigelow, 424 P.3d 1072, 1073 (Utah Ct. App. 2018) (citation omitted).

The PCRA states in relevant part:

A person is not eligible for relief under this chapter upon any ground that:
    (a) may still be raised on direct appeal or by a post-trial motion;
    (b) was raised or addressed at trial or on appeal;
    (c) could have been but was not raised at trial or on appeal;
    (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or
    (e) is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1). A PCRA petition must be filed within one year after the date the cause of action has accrued. Utah Code Ann. § 78B-9-107(1). Absent "exceptional circumstances," the Utah Supreme Court will decline to consider an issue which has not been "presented to the district court in such a way that the court has an opportunity to rule on [it]." Patterson v. Patterson, 266 P.3d 828, 831–32 (Utah 2011).

    II.    **Exhaustion**

"A state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'" Selsor v. Workman, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(A)). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to … correct a constitutional violation.'" Davila v. Davis, 582 U.S. 521, 527 (2017) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). "To exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." Selsor, 644 F.3d at 1026 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available

4

State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." Id. (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)). "The state prisoner bears the burden of proving that he exhausted state court remedies, or that exhaustion would have been futile." Id. (citations omitted).

Mr. Ortiz has failed to establish that he has exhausted his federal claims. Mr. Ortiz's direct appeal involved the single issue of his facial tattoos and did not address any issue presented in his AEDPA petition. His motion for extraordinary relief, broadly construed, potentially raises issues asserted in his federal petition. But Mr. Ortiz failed to exhaust those claims because he dismissed his first petition prior to affording the state courts an opportunity to rule. And although Mr. Ortiz filed a petition for extraordinary relief directly to the Utah Supreme Court, that petition has been transferred back to the trial court, which has not rendered a decision on the petition. See Utah v. Ortiz, No. 231901834 (Utah Dist. Ct. June 26, 2023).

### III.    Exception to Exhaustion

Mr. Ortiz argues that he should be excused from exhausting his claims in the Utah courts because seeking relief in Utah courts would be futile. (ECF No. 12 at 4 ("[S]tatutory law bars petitioner from exhaustion where state law prohibits a prisoner from challenging his reimprisonment and parole revocation in state court.").) But although decisions by the Board of Pardons and Parole are not subject to direct appeal, they are subject to collateral review in Utah courts under the PCRA. The cases cited by Mr. Ortiz in support of his claim of futility demonstrate Utah courts' willingness to review Board decisions. For example, in Petersen v. Utah Board of Pardons, the Utah Supreme Court noted that "[a]lthough the Legislature can refuse to provide a statutory appeal from orders of a governmental agency, the Legislature cannot curtail the constitutional powers of this Court to issue extraordinary writs in appropriate

5

circumstances." 907 P.2d 1148, 1152 (Utah 1995). Mr. Ortiz also cites Neel v. Holden, in which an inmate asserted a petition for habeas corpus in state courts challenging the procedures of his parole revocation hearing. 849 P.2d 601, 602 (Utah Ct. App. 1993). The district court "summarily dismissed his petition without entering any findings or stating the legal basis for its judgement." Id. at 602. But the Utah Court of Appeals reversed and remanded the case back to the trial court "for a hearing to develop the record and for entry of findings in support of its determination." Id.

When Mr. Ortiz filed his Second Amended Petition, the Utah Supreme Court transferred his claims to the district court for a determination. Mr. Ortiz has not demonstrated that a petition to the Utah state courts challenging the procedures employed by the Board of Pardons and Parole to reincarcerate him would have been futile. He therefore fails to establish that he should be excused from the exhaustion requirement.

## CONCLUSION

Mr. Ortiz has not exhausted his federal claims and has not established that his failure to exhaust his remedies should be excused. As a result, Mr. Ortiz's claims are currently ineligible for consideration under the AEDPA. See Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000). Because the court must dismiss Mr. Ortiz's petition for failure to exhaust his remedies, the court declines Mr. Ortiz's request for a hearing and his request to add additional claims under 42 U.S.C. § 1983.

## ORDER

For the foregoing reasons, it is therefore ORDERED as follows:

1. Respondents' motion to dismiss (ECF No. 9) is GRANTED.

2. The Petition for habeas corpus is DENIED and the action is DISMISSED

WITHOUT PREJUDICE.

        3.        Petitioner's motion for hearing (ECF No. 14) is DENIED.

        4.        Petitioner's motion for leave to file supplement pleadings (ECF No. 16) is DENIED.

        5.        The court DENIES a certificate of appealability and directs the Clerk of Court to close this action.

        DATED this 9th of May, 2024.

        BY THE COURT:

_____
Tena Campbell
United States District Judge