IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIEL ORTIZ,<br><br>Petitioner,<br><br>v.<br><br>UTAH BOARD OF PARDONS, et al.,<br><br>Respondents. | **ORDER AND MEMORANDUM DECISION DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 2:23-cv-753-TC<br><br>Judge Tena Campbell |

Petitioner Daniel Ortiz moves the court to reconsider its order dismissing his petition for habeas corpus. (See Mot. Reconsideration, ECF No. 20; Order Dismissing Pet. dated May 9, 2024, ECF No. 18). For the following reasons, the court denies his motion.

The Tenth Circuit has set forth narrow grounds that warrant granting a motion for reconsideration, which include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018) (citation omitted).[1] Mr. Ortiz cites no change in the controlling law or new evidence, but instead

---

[1] Although he does not specify under which Federal Rule of Civil Procedure he brings his motion, the court interprets Mr. Ortiz's filing as a motion to alter or amend a judgment under Rule 59(e) because it was filed within 28 days of the court's order. See Sifuentes v. Capital One, No. 2:22-cv-190-JCB, 2023 WL 6849278, at *4 n.34 (D. Utah Oct. 17, 2023) (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)) (noting that the court will treat a Rule 59(e) motion filed after the 28-day period as a motion for reconsideration under Rule 60(b)). In any event, the Tenth Circuit has utilized similar standards to consider a motion for reconsideration under either Rule 59(e) or Rule 60(b). See Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018) (applying the factors listed above in a motion for reconsideration brought under Rule 59(e)); Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (applying the same factors in a motion for reconsideration

asserts that the court interpreted the relevant caselaw incorrectly.

The court is not persuaded. Essentially, Mr. Ortiz asserts that the court misunderstood exhaustion requirements in general as well as the application of those requirements to his case. He first argues that the court impermissibly "applied [his] original conviction of Aggravated Robbery to the exhaustion requirements." (ECF No. 20 at 1.) But the court provided the information about Mr. Ortiz's 2012 conviction and his appeal from that conviction only as background information. (See ECF No. 18 at 1–2.) Those facts were not the basis of the court's ruling on exhaustion.

Instead, the court held that Mr. Ortiz failed to exhaust his claims because he voluntarily dismissed his first state petition for extraordinary relief, and because the state had not yet ruled on his second state petition.[2] (Id. at 5.) Mr. Ortiz asserts that the state petitions, which contain claims that he was unlawfully arrested and maliciously prosecuted, "have nothing to do with this case which has entirely different grounds naming different respondents/defendants as well." (ECF No. 20 at 2.) But his petition in this action also cites his "unlawful arrest, unlawful detention/incarceration, [and] violation of due process rights" arising out of the same arrest. (ECF No. 4 at 1.) The court does not find that these petitions are meaningfully distinct.

In any event, even if Mr. Ortiz did not challenge the actions of the Utah Board of Pardons and Parole (UBPP) directly in his state petitions, he has not demonstrated why he could not do

---

brought under Rule 60(b)).

[2] It appears that Mr. Ortiz was re-released on parole on March 26, 2024. (See Resp.'s Suppl., ECF No. 17 at 2.) His release likely rendered his second state petition moot, as his petition sought a court injunction ordering the "state to stop its illegal prosecution against me." Copy of Pet. for Extraordinary Relief, Dkt. No. 34 in State v. Ortiz, No. 231901834 (Utah 2d Dist. Ct. Aug. 23, 2023). In his federal petition, Mr. Ortiz asks the court here to order the Respondents to "immidiately [sic] release the petitioner back on parole…" (Pet., ECF No. 4 at 9.) This request has likewise been rendered moot.

so.  Rather, he argues that he should not be required to exhaust his claims in state court because such an action would be futile, noting that "there is no known record of anybody bringing such a due process violation claims [sic] against the Board of Pardons who has prevailed in any Utah court."  (ECF No. 20 at 2.)  The court finds Mr. Ortiz's untested belief in the futility of first presenting his claims to the state courts unconvincing.  "[T]here is no question that habeas corpus review of the board of pardon's actions is available."  Foote v. Utah Bd. of Pardons, 808 P.2d 734, 735 (Utah 1991).  And the court has already explained that the cases cited by Mr. Ortiz show a willingness by the Utah state courts to review UBPP decisions.  (ECF No. 18 at 5–6.)  In any event, it was Mr. Ortiz who voluntarily dismissed his first state petition for extraordinary relief—citing that he expected "a more favorable outcome" in federal court, see Mot. Dismiss, Dkt. No. 12 in Ortiz v. State, No. 230903713 (Utah 2d Dist. Ct. Aug. 1, 2023)—, thereby depriving the state court of the "opportunity to … correct a constitutional violation[.]"  Davila v. Davis, 582 U.S. 521, 527 (2017) (citation omitted).

      Finally, Mr. Ortiz argues that the court erred by refusing to proceed with his claims under 42 U.S.C. § 1983, claims which he first proposed to add to his habeas petition in a motion for leave to file supplemental pleadings.  (ECF No. 16.)  But monetary damages are not available in habeas corpus actions.  See, e.g., McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.  In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (cleaned up)).  Although the court has its doubts about the success of a § 1983 action on these facts, its order dismissing his federal habeas petition does not prevent Mr. Ortiz from filing a civil rights action.  But Mr. Ortiz cannot avoid the filing

3

requirements (such as the applicable filing fee) for a civil action by recharacterizing his habeas petition as a complaint for monetary damages under § 1983.

## ORDER

For the foregoing reasons, the court DENIES the Petitioner's Motion for Reconsideration (ECF No. 20).

SO ORDERED this 6th day of September, 2024.

BY THE COURT:

Tena Campbell
United States District Judge